**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CWC PARTNERSHIP I, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 07-764T** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

ANSWER

Defendant, the United States, for its first defense to the plaintiff's complaint, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

Admits that the first sentence in the unnumbered paragraph of plaintiff's complaint is plaintiff's statement of its claim. Denies that plaintiff is entitled to any relief. Admits that Exhibit A is the notice of final partnership administrative adjustments of the partnership items of CWC Partnership I (CWC) for the tax year 2002 (CWC 2002 FPAA).

Avers (i) that the CWC 2002 FPAA makes adjustments to CWC's partnership items relating to artificial tax benefits attributable to a Son-of-BOSS (SOB) tax shelter, as described in Notice 2000-44, 2000-2 C.B. 255; (ii) that CWC participated in the SOB tax shelter as a purported partner of R,R,M & C Group, L.P. (Group); (iii) that these artificial tax benefits were disallowed at the partnership level in a notice of final partnership administrative adjustments of the partnership items of Group for 2002 (Group 2002 FPAA) (Attached as Exhibit 1); (iv) that no timely challenge to the Group 2002 FPAA was filed by any partner of Group under 26 U.S.C.

§6226(a) or (b); (v) that therefore the partnership items of Group as determined by the Group2002 FPAA including the disallowance of those artificial tax benefits (Group Items) have become final and cannot now be challenged by plaintiff, by CWC, or by any other partner of Group in this case or in any other forum; and (vi) that, accordingly, under 26 U.S.C. §6226(f), the Court's jurisdiction in this case is limited to the determination of the tax Items of CWC that are affected by the final determination of the Group Items (CWC Items).

**I. THE PARTIES.**

1. Admits the allegations in paragraph 1.

2. Admits that the Zachary Trust and the Abigail Trust (the "Stern Trusts") were partners of CWC. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3. Admits that Richard Sands was the designated tax matters partner on the CWC 2002 partnership return and that the last four digits of his taxpayer identification number are 3858. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. Denies that Group is, or was at any time, a valid partnership for federal tax purposes or under applicable state law insofar as a limited partnership thereunder presumes a joint enterprise undertaken for a legitimate purpose. Admits that Group had a taxpayer identification number (rather than a partnership identifying number) of 43-1936516. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4.

5. Denies that Group is, or was at any time, a valid partnership for federal tax purposes or under applicable state law insofar as a limited partnership thereunder presumes a joint

enterprise undertaken for a legitimate purpose, or that the relation of partners existed between R,R, M, & C Management Corp and any other purported partner of Group. Admits that R,R.M. & C. Management Corp. had a taxpayer identification number (rather than a partnership identifying number) of 43-1936515. Admits that R,R.M. & C. Management Corp. was the tax matters partner designated on Group's 2002 partnership return. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5.

6. Denies that Group was, at any time, a valid partnership for federal tax purposes or under applicable state law insofar as a limited partnership thereunder presumes a joint enterprise undertaken for a legitimate purpose and further denies that the relation of partners existed among Richard Sands, Robert Sands, Marilyn Sands, and CWC, as the Initial Limited Partners defined in paragraph 6 of the complaint (Sands Heirs).

7. Denies that Group was a valid partnership for federal income tax purposes or under applicable state law insofar as a limited partnership thereunder presumes a joint enterprise undertaken for a legitimate purpose, that the CRUT Limited Partners, as defined in paragraph 7 of the complaint, existed for federal income tax purposes; and that any interest in Group, if it existed, was transferred to the CRUT Limited Partners for federal income tax purposes.

8. Denies that Group was a valid partnership for federal income tax purposes or under applicable state law insofar as a limited partnership thereunder presumes a joint enterprise undertaken for a legitimate purpose, that the CRUT Limited Partners existed for federal income tax purposes; and that, for federal income tax purposes, any interest in Group, if it existed, was transferred to the CRUT Limited Partners.

9. For the reasons set forth in paragraph 7 herein, above, the United States denies the

allegations contained in paragraph 9.

10. Admits that R,R,M & C Partners, LLC ("Partners") was a limited liability company under the law of the State of Missouri, but denies that Partners was at any time a valid partnership for federal tax purposes. Admits that Partners had a taxpayer identification number (rather than a partnership identifying number) of 43-1936519. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10.

11. Admits the allegations of paragraph 11.

## II. JURISDICTION and RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS App. F Rules 1 and 2.

12. States that jurisdiction exists, if at all, pursuant to 28 U.S.C. §1508. The United States avers, however, that this Court jurisdiction will be limited to the determination of the tax Items of CWC that are affected by the final determination of the Group Items (CWC Items). The United States further avers that this Court lacks jurisdiction to determine whether the deposit made by Richard Sands should be refunded, as this is a partner level determination to be reached in a subsequent partner level suit.

13. Admits the allegations of paragraph 13.

14. Admits the allegations of paragraph 14.

15. Admits the allegations of paragraph 15.

16. Admits the allegations of paragraph 16.

17. Admits the allegations of paragraph 17.

18. Denies the allegations contained in paragraph 18. Avers, instead (i) that the SOB tax shelter was designed by The Heritage Organization, L.L.C. (Promoter) to allow the Sands Heirs to artificially inflate the tax basis of appreciated shares of the common stock, Class A, of

Constellation Brands, Inc. (Appreciated Shares) for purposes of avoiding gain on their sale during 2001 and to receive the approximately $75 million in sales proceeds tax free during 2002; (ii) that the SOB Tax Shelter was specifically designed to decrease the risk the IRS would identify the source and nature of the artificial tax benefits claimed on Group's partnership return for 2001, by having the Sands Heirs make transitory charitable contributions of their interests in Group for less than six months before reacquiring those interests one day before the proceeds were distributed to the Sands Heirs on February 28, 2002; and (iii) that to protect the government's interest, the IRS disallowed the artificial tax benefits on the 2001 Group partnership return by mailing a final notice of partnership administrative adjustments to Group for 2001 (Group 2001 FPAA) and disallowed the artificial tax benefits on the 2002 Group partnership return by mailing the 2002 Group FPAA, which was defaulted, giving rise to the current case. The United States notes that plaintiff has taken the position, in Case No. 06-411T, that the taxable event was not in 2001. The United States further avers that it does not intend to, nor will it by virtue of the FPAAs issued in 2001 and 2002, collect the underlying tax due more than once.

19. Admits the allegations contained in paragraph 19. The United States notes that plaintiff has taken the position, in Case No. 06-411T, that the taxable event was not in 2001. The United States further avers that it does not intend to, nor will it by virtue of the FPAAs issued in 2001 and 2002, collect the underlying tax due more than once.

20. Denies the allegations contained in paragraph 20. The United States notes that plaintiff has taken the position, in Case No. 06-411T, that the taxable event was not in 2001. The United States further avers that it does not intend to, nor will it by virtue of the FPAAs

issued in 2001 and 2002, collect the underlying tax due more than once.

21. Denies the allegations contained in paragraph 21. The United States notes that plaintiff has taken the position, in Case No. 06-411T, that the taxable event was not in 2001. The United States further avers that it does not intend to, nor will it by virtue of the FPAAs issued in 2001 and 2002, collect the underlying tax due more than once. Except as stated above, denies the allegations contained in paragraph 21.

22. Admits that Richard Sands has deposited $3,369,096 in connection with the 2001 FPAAs for Group, Partners, CWC, Beta Partners and Alpha I, LP. Except as stated above, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22.

23. Admits that Richard Sands has deposited $3,369,096 in connection with the 2001 FPAAs for Group, Partners, CWC, Beta Partners and Alpha I, LP. Denies that he has designated that this deposit should serve under 26 U.S.C. §6226(e) for purposes of this case. Except as stated above, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23.

24. Admits the allegations of paragraph 24.

25. Denies the allegations of paragraph 25.

## III. DESCRIPTION OF THE TRANSACTIONS.

26-39. Admits that certain short sales were made around August 21, 2001. Denies the remaining allegations of paragraphs 26-39. Avers that, to the extent that these allegations are true, the United States denies plaintiff's characterization of events and, to the extent such events actually occurred as so characterized, denies that they so occurred for federal income tax

purposes.

**IV. THE SERVICE'S POSITION.**

40. Admits that the CWC 2002 FPAA was mailed to the tax matters partner on August 6, 2007. Avers, however, that the Group 2002 FPAA was mailed on April 13, 2006. (Exhibit 1). Both FPAAs speak for themselves. Except as set out above, denies the allegations in paragraph 40.

41. Admits only that on December 22, 2005, the Service mailed FPAAs, related to 2001, to Group and to Partners in which the Service asserted a 40% accuracy-related penalty or, alternatively, a 20% accuracy-related penalty. Denies the characterizations of the FPAAs in that the documents speak for themselves.

42. Admits only that on December 28, 2005, the Service mailed an FPAA, related to 2001, to CWC in which the Service asserted a 40% accuracy-related penalty or, alternatively a 20% accuracy-related penalty. Denies the characterizations of the FPAA in that the document speaks for itself.

43. Admits that, on April 13, 2008, the CWC 2002 FPAA was mailed (Exhibit 1). The Group FPAA speaks for itself. Except as set out above, denies the allegations in paragraph 43.

44. Admits only that plaintiff's complaint challenges certain adjustments made by the Service in the CWC 2002 FPAA and that separate complaints have been filed with respect to the CWC, Group and Partners 2001 FPAAs. Avers that, on April 13, 2008, the Group 2002 FPAA was mailed (Exhibit 1). Denies that plaintiff is entitled to any relief.

**V. THE SERVICE'S ERRORS IN THE CWC FPAA.**

45-89. Admits that the issue as to whether the identity of Group's partners and whether

the purported transfer of partnership interests by the Sands Heirs is a partnership item was also raised in the Alpha proceeding. Except as set forth above, denies the allegations of paragraphs 45 through 89.

**VI. BURDEN OF PROOF.**

90. Denies the allegation in paragraph 90.

**VI. PRAYER FOR RELIEF.**

WHEREFORE the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, determining that the adjustments made by the CWC FPAA to CWC's partnership items for the period ending December 31, 2002, are correct; dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

Respectfully submitted,

/s/ Thomas M. Herrin
THOMAS M. HERRIN
Attorney of Record
U.S. Department of Justice - Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / (214) 880-9762
(214) 880-9742 (FAX)

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

LOUISE HYTKEN
Chief, Southwestern Civil Trial Section
MICHELLE C. JOHNS
Trial Attorney