**Notice 2000-44 Case**

**Internal Revenue Service**
P.O. Box 66781 Stop 4020 STL
Attn: Penny Schupmann
St. Louis, MO 63166

**Department of the Treasury**

Refer To: Penny Schupmann

Name of Partnership: R,R,M & C Group, L.P.

Partnership Identifying Number: 43-1936516

Tax Year Ended: December 31, 2002

Date FPAA Mailed to the Tax Matters Partner:
April 13, 2006

Person to Contact: Penny Schupmann
Employee Number: 43-15317

Contact Telephone Number: 314-612-4367
(not a toll free number)

Contact Hours: 8:00 AM to 4:30 PM

Date: April 13, 2006

R,R,M & C Group, L.P.
Attn: The Tax Matters Partner
c/o Constellation Brands, Inc.
370 Woodcliff Drive Suite 300
Fairport, NY 14450

# NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

GOVERNMENT EXHIBIT 1
PENGAD-Bayonne, N.J.

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court can't consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court of the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership

items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

for Kevin Harris,
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

(08/2004)

... for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

IN REPLY REFER TO:
Penny Schupmann

| Taxpayer(s) name(s), address and ZIP code: | Name of Partnership: | Tax Year(s) Ended |
|---|---|---|
| R,R,M & C Group, L.P.<br>Attn: The Tax Matters Partner<br>c/o Constellation Brands, Inc.<br>370 Woodcliff Drive Suite 300<br>Fairport, NY 14450 | R,R,M & C Group, L.P.<br><br>Taxpayer Identifying Number:<br>43-1936516 | 12/31/2002 |
| Taxpayer Identifying Number: 43-1936516 | Name of Tax Matters Partner: | |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement; plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax and additional amounts may be filed or prosecuted.

| Signature of taxpayer | Date Signed |
|---|---|
| Signature of taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |



SANDS1798

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# AGREEMENT FOR PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATION AS TO PENALTIES, ADDITIONS TO TAX, AND ADDITIONAL AMOUNTS

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP: R, R, M & C Group, L.P | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER: 43-1936516 | 12/31/2002 | | |
| **DETAIL OF ADJUSTMENTS TO ORDINARY INCOME:** | | | |
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| **Total Adjustments to Ordinary Income.** | | | |
| **Other Adjustments** | | | |
| a. Portfolio income (loss) dividends | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 238,982.00 | | |
| (3) Corrected | 238,982.00 | | |
| b. Portfolio income (loss) net short-term gain (loss) | | | |
| (1) Adjustment | (5,348,730.00) | | |
| (2) As reported | 5,348,730.00 | | |
| (3) Corrected | 0.00 | | |

**Remarks:**

It is determined that the accuracy-related penalties provided by IRC 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to adjustments of the partnership items of R, R, M & C Group, L.P. for the taxable year ending December 31, 2002. The accompanying Explanation of Adjustments to Partnership Items and Partnership-level Determinations is hereby incorporated by reference.

## Form 870-PT, Other Adjustments (Continued)

Name of Partnership: R, R, M & C Group, L.P

Page of

Taxpayer Identifying Number: 43-1936516

| | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2002 | | |
| c. Deductions related to portfolio income | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 10,027.00 | | |
| (3) Corrected | 10,027.00 | | |
| d. Investment income included in portfolio income | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 238,982.00 | | |
| (3) Corrected | 238,982.00 | | |
| e. Partners' Capital Accounts, Schedule M-2, line 1 | | | |
| (1) Adjustment | (75,694,095.00) | | |
| (2) As reported | 75,694,095.00 | | |
| (3) Corrected | 0.00 | | |
| f. Net income (loss)per books, Schedule M-2, line 3 | | | |
| (1) Adjustment | (5,348,730.00) | | |
| (2) As reported | 5,577,685.00 | | |
| (3) Corrected | 228,955.00 | | |
| g. Other Increases, Schedule M-2, line 4 | | | |
| (1) Adjustment | (69,464,469.00) | | |
| (2) As reported | 69,464,469.00 | | |
| (3) Corrected | 0.00 | | |
| h. Other Decreases, Schedule M-2, line 7 | | | |
| (1) Adjustment | (74,813,199.00) | | |
| (2) As reported | 74,813,199.00 | | |
| (3) Corrected | 0.00 | | |
| i. Partners' Capital Accounts, Schedlue L, line 21 | | | |
| (1) Adjustment | (75,694,095.00) | | |
| (2) As reported | 75,694,095.00 | | |
| (3) Corrected | 0.00 | | |
| j. Distributions of money - Cash and Marketable Securities | | | |
| (1) Adjustment | 0.00 | | |
| (2) As reported | 75,933,078.00 | | |
| (3) Corrected | 75,933,078.00 | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

## EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATIONS

| PARTNERSHIP | TAXPAYER ID | TAXABLE YEAR |
|---|---|---|
| R, R, M & C Group, L.P. | 43-1936516 | 12/31/2002 |

| | ITEM | ADJUSTMENT | REPORTED | CORRECTED |
|---|---|---|---|---|
| I | CAPITAL ACCOUNTS | ($75,694,095) | $75,694,095 | $-0- |

It is determined that each partner of R, R, M & C Group, L.P. (hereinafter referred to as the "Partnership"), has a beginning net contribution and net capital account balance of zero with the result that the aggregate contribution and capital account balance of the partners as of the beginning of the Partnership's taxable year 2002 is $-0- instead of $75,694,095 as claimed on the Partnership's return.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1 Under I.R.C. § 752(a) and (b), the short sale obligations purportedly assumed by the Partnership during the taxable year 2001 are partnership liabilities

2 Under Treas. Reg. § 1.752-6, if the short sale obligations purportedly assumed by the Partnership during the taxable year 2001 are not I.R.C. § 752(a) and (b) liabilities, then they are non-I.R.C. § 752 liabilities under Treas. Reg. § 1.752-6, the assumption of which decreases the contributing partners' outside bases in the Partnership by the amount of the short sale proceeds.

3 Under Treas. Reg. § 1.701-2, the purported contributions by the partners to the Partnership during the taxable year 2001 are disregarded for federal income tax purposes to produce tax consequences to the partners that are consistent with the economic consequences of an investment in the Partnership because the Partnership was formed and the contributions were made to reduce substantially the present value of the partners' aggregate tax liability in a manner inconsistent with the intent of Subchapter K.

4 Under the economic substance doctrine, the partners' purported contributions of brokerage accounts to the Partnership during the taxable year 2001 are disregarded, and therefore the purported partners of the Partnership are treated for federal income tax purposes as if they directly held the short sale positions in those accounts.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1 The partners' respective outside bases in the Partnership equal $-0- as of the beginning of the Partnership's taxable year 2002.

| | ITEM | ADJUSTMENT | REPORTED | CORRECTED |
|---|---|---|---|---|
| II | IDENTITY OF PARTNERS | | | |

It is determined that as of the beginning of the taxable year 2002 the limited partnership interests in the Partnership purportedly held by various, so-called "charitable remainder uni-trusts" are owned for federal income tax purposes by the respective grantors of those trusts contrary to the Partnership's return for the taxable year 2002.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1 For federal income tax purposes, the original limited partners of the Partnership, not their respective charitable remainder uni-trusts, are the substantial owners of the limited partnership interests of the Partnership throughout the taxable year 2002.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1 Under I.R.C. §§ 703 and 704, tax items of the Partnership allocable to the limited partnership interests purportedly held by the charitable remainder uni-trusts are allocated among the original limited partners in accordance with their original percentage interests in the Partnership.

| | ITEM | ADJUSTMENT | REPORTED | CORRECTED |
|---|---|---|---|---|
| III | CASH DISTRIBUTION | $-0- | $75,933,078 | $75,933,078 |

It is determined that during the taxable year 2002 the Partnership distributed cash in the aggregate amount of $75,933,078 to the partners in accordance with their respective percentage interests in the Partnership, as reported on the Partnership's return for that year.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1 No adjustment is made to the cash distribution reported on the Partnership's return for the taxable year 2002.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1 Under I.R.C. § 731, a partner recognizes gain on the receipt of a cash distribution in excess of the partner's outside basis in the Partnership.

| [illegible] EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP-LEVEL DETERMINATIONS | | | |
|---|---|---|---|
| PARTNERSHIP | | TAXPAYER I.D. | TAXABLE YEAR |
| R, R, M & C Group, L.P. | | 43-1936516 | 12/31/2002 |
| ITEM | ADJUSTMENT | REPORTED | CORRECTED |
| IV CAPITAL GAINS AND LOSSES | ($5,348,730) | $5,348,730 | $-0- |

It is determined that during the taxable year 2002 the Partnership has net short-term capital gain of $-0- instead of net short-term capital gain of $5,348,730 as reported on the Partnership's return.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1 On Schedule D of the Partnership's return for the taxable year 2002, the Partnership improperly reported capital gain attributable to a distribution of cash under I.R.C. § 731, when any such gain should be recognized and reported by the partners, not the Partnership.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1 Under I.R.C. §§ 731 and 741, a partner recognizes capital gain on a cash distribution by the Partnership to the extent the amount distributed exceeds the partner's tax basis in the Partnership.

| ITEM | ADJUSTMENT | REPORTED | CORRECTED |
|---|---|---|---|
| V ACCURACY-RELATED PENALTIES | | | |

It is determined that the 40% accuracy-related penalty provided by I.R.C. § 6662 (h) or, alternatively, the 20% accuracy-related penalty provided by I.R.C. § 6662(a) applies to the entire amount of any underpayment of tax attributable to the adjustments of partnership items of the Partnership for the taxable year 2002.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1 The amount of any underpayment of tax is attributable to a gross valuation misstatement under I.R.C. § 6662(h).

2 Alternatively, the entire amount of any underpayment of tax is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).

3 Alternatively, the entire amount of any underpayment of tax is attributable to negligence or disregard of rules or regulations under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).

4 Alternatively, the entire amount of any underpayment of tax is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), and 6662(d).

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1 Under I.R.C. § 6221, penalties determined in a partnership proceeding are applied to underpayments attributable to partnership items and affected items subject to defenses that may be asserted by a partner in an action for refund after assessment and payment.

Partnership Name: R, R, M & C Group, L.P.
Tax Year: December 31, 2002 EIN: 43-1936516

Information Regarding Additions to Tax (Penalties) and Affected Items

The Internal Revenue Code provides, in appropriate cases, for the application of accuracy related penalties under Internal Revenue Code Section 6662, which include, in part, penalties for negligence or disregard of rules or regulations, substantial understatement of income tax, and substantial valuation misstatements.

For partnership taxable years ending ***after*** August 5, 1997, penalties are determined at the partnership level and may be agreed to as part of the partnership proceeding. A court will have jurisdiction over partnership level penalties raised in a Final Partnership Administrative Adjustment petition for a partnership taxable year ending ***after*** August 5, 1997. Any partner level defense to partnership level penalty determinations, however, may only be raised through refund claims following the assessment and collection of such penalties.

For all partnership taxable years, other items affected by partnership adjustments, "affected items," may also be separately determined and assessed after the outcome of the partnership proceeding. Upon the completion of the partnership proceeding or the execution of a Form 870-PT, you may be sent an examination report and/or a statutory notice of deficiency asserting affected items.

Please note: This is an information item only, and is not part of the notice of Final Partnership Administrative Adjustment.