IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CWC PARTNERSHIP I, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, Plaintiff, | ) | |
| v. | ) | 07-764 T (Judge Hewitt) |
| THE UNITED STATES, Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Plaintiff, CWC Partnership I ("CWC"), and defendant, the United States, by and through their respective undersigned counsel of record, and pursuant to the Court's order of April 30, 2008 and Appendix A of the Rules of the United States Court of Federal Claims, file this Joint Preliminary Status Report and state as follows:

Following the filing of the Government's Answer in this matter, the parties, by and through their counsel, met to discuss the items outlined in Subsections II and III (paragraphs 3, 4 and 5) of RCFC Appendix A. In specific response to the items identified in Subsection III (paragraph 4), the parties report:

(a) **Does the court have jurisdiction over the action?**

**Plaintiffs' Response:** Yes. The Court has jurisdiction pursuant to 28 U.S.C. § 1508 and 26 U.S.C. § 6226(b). Plaintiff has met all the requirements of RCFC Appendix F, Rule 1(c)(1). No further deposits by plaintiff or its partners are necessary to maintain the Court's jurisdiction.

**Defendant's Response:** The United States agrees that the Court has jurisdiction over the partnership items of CWC for the 2002 tax year under 26 U.S.C. 6226(a).

(b) **Should the case be consolidated with any other case and the reasons therefore?**

**Plaintiff's Response:** Not at this time. However, depending on the outcome of pending motions in the directly-related cases, R,R,M & C Group, L.P. v. United States, No. 06-410T ("the Group case"), R,R,M & C Partners, LLC v. United States, No. 06-409T, and CWC Partnership I v. United States, No. 06-411T and the indirectly-related cases, M, L, R & R v. United States, 06-811T, Mickey Management L.P. v. United States, No. 06-810T, Alpha I, L.P. v. United States, No. 06-407T ("the Alpha case"), and Beta Partners, LLC v. United States, No. 06-408T (all of which have been consolidated into the Alpha case) plaintiff reserves the right to request that this case be consolidated into the Alpha case prior to trial. At such time, plaintiff would file a Rule 42 motion to consolidate this case with the pending Alpha case.

Plaintiff does not seek consolidation at this time because of the procedural posture of this case. The outcome of this case could be determined by this Court's ruling on the Motion to Substitute Parties and Dismiss Certain Causes of Action for Lack of Jurisdiction pending in Alpha I, L.P. v. United States, No. 06-407T and/or the Tax Court's rulings on pending motions to dismiss and to restrain assessment and collection in *Richard E. and Jennifer L. Sands v. Commissioner*, Docket No. 25311-07; *Robert S. and J. Nancy Sands v. Commissioner*, Docket No. 25312-07; *Marilyn A. Sands v. Commissioner*, Docket No. 25313-07.

However, this case involves identical legal issues relating to the adjustments of partnership items and the same factual issues as the Group case. CWC is one

of the partners in the partnerships at issue in both the Group and Alpha cases. Additionally, this case will not require further discovery beyond the discovery the parties have conducted and on which motions are pending in the consolidated Alpha case. For these reasons, plaintiff may move to consolidate this case with the Alpha case prior to trial, should the Alpha case proceed to trial.

**Defendant's Response:** The United States also agrees that consolidation is not appropriate at this time. However, the United States disagrees with plaintiff's assertion that identical factual and legal issues are presented by both cases and that further discovery is unnecessary in the event that this case proceeds to trial.

(c) **Should trial of liability and damages be bifurcated and the reasons therefore?**

**Joint Response:** No.

(d) **Should further proceedings in this case be deferred pending consideration of another case before the court or any other tribunal and the reasons therefore?**

**Joint Response:** The parties jointly request the Court to stay this case pending the Court's ruling on the Motion to Substitute Parties and Dismiss Certain Causes of Action for Lack of Jurisdiction pending in Alpha I, L.P. v. United States, No. 06-407T and/or the Tax Court's rulings on pending motions to dismiss and to restrain assessment and collection in *Richard E. and Jennifer L. Sands v. Commissioner*, Docket No. 25311-07; *Robert S. and J. Nancy Sands v. Commissioner*, Docket No. 25312-07; *Marilyn A. Sands v. Commissioner*, Docket

No. 25313-07, any of which could affect the outcome of this case. Plaintiffs' Motion to Substitute relates to issues present in this case, and motions to dismiss on the exact issues plaintiff has raised in this case were filed in *Richard E. and Jennifer L. Sands v. Commissioner*, Docket No. 25311-07; *Robert S. and J. Nancy Sands v. Commissioner*, Docket No. 25312-07; *Marilyn A. Sands v. Commissioner*, Docket No. 25313-07 which were argued May 6, 2008.

(e) **In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

**Joint Response:** Not applicable.

(f) **Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder.**

**Joint Response:** The parties do not anticipate joining any additional parties.

(g) **Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing.**

**Plaintiff's Response:** Motions to dismiss on the exact issues present in this case were filed in *Richard E. and Jennifer L. Sands v. Commissioner*, Docket No. 25311-07; *Robert S. and J. Nancy Sands v. Commissioner*, Docket No. 25312-07; *Marilyn A. Sands v. Commissioner*, Docket No. 25313-07 all pending in the United States Tax Court. If the Court does not grant the parties' request to hold

this case in abeyance pending the outcome of this Court's ruling on the Motion to Substitute Parties and Dismiss Certain Causes of Action for Lack of Jurisdiction pending in Alpha I, L.P. v. United States, No. 06-407T and/or the Tax Court's rulings on pending motions to dismiss and to restrain assessment and collection in *Richard E. and Jennifer L. Sands v. Commissioner*, Docket No. 25311-07; *Robert S. and J. Nancy Sands v. Commissioner*, Docket No. 25312-07; *Marilyn A. Sands v. Commissioner*, Docket No. 25313-07, plaintiff intends to file a Motion to Dismiss for Lack of Jurisdiction on or before September 30, 2008.

Plaintiff reserves the right to file Rule 56 Motions for Summary Judgment depending on the outcome of any other motions relating to this case. In the event that plaintiff concludes that some or all of the issues in this case may be resolved through Summary Judgment, plaintiff will propose for the Court's consideration a briefing schedule at that time.

**Defendant's Response:** In the event that this Court's ruling in the cases consolidated under No. 06-407T and/or the rulings in the related Tax Court proceedings are not dispositive here, the United States reserves the right to file a summary judgment motion under Rule 56 on any remaining issues and would do so within 90 days after the completion of discovery.

(h) **What are the relevant factual and legal issues?**

**Plaintiff's Response:** The relevant factual and legal issues in the case are:

1. Whether the IRS had authority to adjust items that were not partnership items in the FPAA issued to R,R,M & C Group, L.P.

("Group") for its 2002 tax year?

2. Whether the identity of the partners of Group or the transfer of partnership interests in Group in 2001 are not partnership items of Group subject to an adjustment in an FPAA?

3. Whether the aggregate amount of beginning net capital contributions and net capital account balances of the partners of Group for 2002 are not partnership items of Group subject to an adjustment in an FPAA?

4. Whether the IRS erred in adjusting the aggregate amount of beginning net capital contributions and net capital account balances of the partners of Group for 2002 either because such an adjustment is not supported by Section 752, Treas. Reg. § 1.752-6, Treas. Reg. § 1.701-2, or the economic substance doctrine or alternatively because the beginning net capital contributions and net capital account balances of the partners of Group for the tax year 2002 are affected items the outcome of which is controlled by the determinations of this Court regarding the Group 2001 FPAA?

5. Whether the IRS erred in making adjustments to flow-through partnership items and affected items reported by CWC for 2002 based on the determinations in the FPAA issued to Group for its 2002 tax year?

6. Whether the IRS erred in attempting to increase CWC's long-term capital gain based on its adjustment to the net capital contributions

and net capital account balances of the partners of Group?

7. Whether the IRS erred in determining that CWC should be treated as the owner of its original 24.975% limited partnership interest in Group during the tax year 2002?

8. Whether the partners of Group or CWC should be subject to penalties under Code Section 6662?

9. Whether the FPAA issued to CWC for its 2002 tax year is invalid because the statute of limitations for making adjustments to its return has passed?

**Defendant's Response**: The United States maintains that the 2002 partnership items of RRMC Group LP have been finally determined at the partnership level and that they cannot be challenged in this partner level proceeding. Accordingly, the United States further maintains that the primary issue to be determined in this proceeding is the amount of gain recognized by CWC from Group's 2002 liquidating distribution to its partners.

(i) **What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

**Joint Response:** The parties are receptive to the possibility of settlement but cannot at this time assess the likelihood of settlement. As appropriate, the parties will discuss settlement and, if appropriate, will avail themselves of the Court's ADR opportunities.

(j) **Do the parties anticipate proceeding to trial?**

**Plaintiff's Response:** The outcome of this case could be determined by this Court's ruling on the Motion to Substitute Parties and Dismiss Certain Causes of Action for Lack of Jurisdiction pending in Alpha I, L.P. v. United States, No. 06-407T and/or the Tax Court's rulings on pending motions to dismiss and to restrain assessment and collection in *Richard E. and Jennifer L. Sands v. Commissioner*, Docket No. 25311-07; *Robert S. and J. Nancy Sands v. Commissioner*, Docket No. 25312-07; *Marilyn A. Sands v. Commissioner*, Docket No. 25313-07. Should this case not be disposed of by such rulings, plaintiff will request that trial in this matter be consolidated with trial on the directly and indirectly related cases pending before the Court in Alpha I, L.P. v. United States, No. 06-407T as more fully set forth in paragraph (b), above. Plaintiff does not request expedited trial scheduling.

**Defendant's Response:** To the extent that the issues presented in this case are not resolved by the rulings in the related cases previously discussed, or disposed of through summary judgment, trial will be necessary. The United States does not request an expedited trial setting.

(k) **Are there special issues regarding electronic case management needs?**

**Joint Response:** The parties are unaware of any special issues regarding electronic case management needs.

(l) **Is there other information of which the court should be aware at this**

**time?**

**Plaintiff's Response:** This case may be affected by the outcome of motions in pending Tax Court actions (*Richard E. and Jennifer L. Sands v. Commissioner*, Docket No. 25311-07; *Robert S. and J. Nancy Sands v. Commissioner*, Docket No. 25312-07; *Marilyn A. Sands v. Commissioner*, Docket No. 25313-07) argued on May 6, 2008.[1]

**Defendant's Response:** The United States is not aware of any other information as to which the Court should be apprised.

In specific response to the items identified in Subsection III (paragraph 5) regarding discovery, the parties report and recommend to the Court as follows:

**Joint Response:** The parties propose that the parties confer and present the Court with suggestions for scheduling following this Court's ruling on the Motion to Substitute Parties and Dismiss Certain Causes of Action for Lack of Jurisdiction pending in Alpha I, L.P. v. United States, No. 06-407T and/or the Tax Court's rulings on pending motions to dismiss and to restrain assessment and collection in *Richard E. and Jennifer L. Sands v. Commissioner*, Docket No. 25311-07; *Robert S. and J. Nancy Sands v. Commissioner*, Docket No. 25312-07; *Marilyn A. Sands v. Commissioner*, Docket No. 25313-07.

[1] Plaintiff notes that the pending motions in the Tax Court cases are a motion to dismiss for lack of jurisdiction and a motion to restrain assessment and collection.

Respectfully submitted,

/s Lewis S. Wiener
LEWIS S. WIENER
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Kent L. Jones
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593
Attorney for Plaintiffs

July 23, 2008

Thomas M. Herrin by Julie Bowling with permission
THOMAS M. HERRIN
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
Tel: (214) 880-9745
Fax: (214) 880-9741
Attorney for Defendant

July 23, 2008